UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

TAMMY BERERA, individually )
and on behalf of all others )
similarly situated, )
) Civil Case No.
    Plaintiffs, ) 5:13-cv-294-JMH
)
v. ) **MEMORANDUM OPINION**
) **AND ORDER**
MESA MEDICAL GROUP, PLLC, )
)
    Defendant. )

\*\*\*

This matter is before the Court upon Plaintiffs' Motion to Remand. [D.E. 10].[1] This matter being fully briefed, and the Court being otherwise sufficiently advised, it is now ripe for review.

**I. Procedural Background**

Plaintiff Tammy Berera filed this suit in Fayette Circuit Court on June 25, 2013, asserting her claims "on behalf of all current and former employees of MESA and any predecessor company of MESA." [D.E. 1-1 at 5]. Berera asserted a violation of KRS 337.385, claiming Defendant did not pay the full amount of wages and overtime compensation earned, and a claim of negligence. [D.E. 1-1 at 6-7]. Berera then filed an amended complaint,

---

[1] The Defendant has filed a Motion for Summary Judgment [D.E. 2], which remains pending. The Court will rule on the Motion for Summary Judgment after Plaintiffs have responded to the Court's show cause order, if necessary.

incorporating the original complaint in full, and adding claims for conversion and punitive damages. [D.E. 1-1 at 35-36]. Berera filed a second amended complaint to add Katisha Kabalen as a member of the class. [D.E. 1-2 at 67].

Based on the Motions and other materials submitted to this Court, there has been much contention as to whether the claims asserted on the face of the complaint accurately encompass Plaintiffs' claims. A letter filed with the Court from Mr. Hunter Hughes, outside counsel for Defendant, memorializes a conversation with Plaintiffs' counsel, where Defendants attempted to discern the nature of Plaintiffs' claims. [D.E. 1-3]. Subsequently, the Fayette Circuit Court granted Defendant's Motion for a More Definite Statement. [D.E. 1-7 at 7]. Defendants contend that the federal nature of Plaintiffs' claims became apparent only after the parties' counsel met on August 26, 2013. [D.E. 1 at 4-5]. Defendant claims it was further evident that Federal Insurance Contributions Act (FICA) taxes were in issue when it received Plaintiffs' Notice for Designated Representatives to Give Video Taped Deposition on August 29, 2013. [D.E. 13 at 8]. Defendant filed a Notice of Removal on September 11, 2013. [D.E. 1].

**II. Standard of Review**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction,

2

may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant through service or otherwise." *Id.* § 1446(b)(1). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. . . . The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). "[A] case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption." *Id.* at 393. However, "[o]n occasion, the Court has concluded that the pre-emptive force of a statute is

so 'extraordinary' that it 'converts an ordinary state commonlaw complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law claim is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 24 (1983)).

"The party seeking removal bears the burden of establishing its right thereto." *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921)). "The removal petition is to be strictly construed, with all doubts resolved against removal." *Id.*

**III. Analysis**

Plaintiffs' claims amount to a tax refund suit, giving the Court federal question jurisdiction based on complete preemption. Defendant relies on 26 U.S.C. § 7422 in arguing that Plaintiffs' claims are preempted. That section states that:

> [n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to

4

> have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422. Defendant further relies on *Umland v. PLANCO Financial Services, Inc.*, from the Third Circuit, for the proposition that § 7422 preempts Plaintiffs' claims. In holding that complete preemption applied, the *Umland* court reasoned:

> [Plaintiff] alleges that the amount withheld from her paycheck was excessive, and that the 7.65 percent at issue was wrongfully collected from her. These allegations track the language of § 7422. That statute required [plaintiff] to seek a refund from the IRS, which would in turn seek to collect the employer FICA tax due from [defendant]. Moreover, even if we did not hold that the language of § 7422 expressly preempted [plaintiff's] claim, the broad sweep of § 7422 – especially as described by the Supreme Court – suggests that Congress intended the IRS to occupy the field of tax refunds, preempting claims such as [plaintiff's].

*Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 69 (3d Cir. 2008). Our sister court was called upon to decide a similar issue and also found § 7422 completely preempted plaintiff's claims. *See Crouch v. Guardian Angel Nursing, Inc.*, No. 3:07-cv-541, 2009 WL 3738095, at *7 (M.D. Tenn. Nov. 4, 2009) ("This Court concurs with the reasoning of the Third Circuit and the Western District of Michigan. As a matter of common sense, the appropriate avenue of redress for overpayment or erroneous payment of taxes is to appeal directly to the IRS.").

> The Sixth Circuit has not been called upon to address this issue. Those few courts that have done so with any degree of depth have overwhelmingly come down on the side of preemption, regardless of whether the claims at issue are asserted directly under FICA or are framed as state-law claims to recover moneys owed directly to the plaintiffs by the defendant-employers as a result of their failure to pay their share of FICA taxes.

*Id.* at *5. Thus, the issue becomes whether Plaintiffs' claims are an attempt to recover FICA taxes that were wrongly withheld, but veiled in state law causes of action. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."); *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981)) ("[P]laintiffs may not 'avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims.'").

The record clearly shows that Plaintiffs are attempting to recover taxes excessively withheld from their paychecks. First, and most detrimental to Plaintiffs' arguments for remand, the Complaint expressly provides that the class consists of "employees who have been forced to pay the employer's share of payroll taxes and other taxes and withholdings." [D.E. 1-1 at 5]. Thus, Plaintiffs' right to recover is based on federal law.

6

This is not a situation in which the taxes at issue are solely state taxes. *See Gully v. First Nat'l Bank*, 299 U.S. 109 (1936). The amount alleged to be withheld is a federal tax and is preempted by operation of 26 U.S.C. § 7422.

Furthermore, at a hearing in Fayette Circuit Court, Plaintiffs' counsel agreed that the excessive withholding was equal to Defendant's obligation under FICA.

> THE COURT: Okay. And that more likely than not at this point in time, it appears that it's going to relate back to FICA and – and the half, the employer's half.
> MR. PETERSON: The – if you're talking about the calculation?
> THE COURT: Yeah.
> MR. PETERSON: Yes, the calculation, yes.

[D.E. 1-7 at 5]. Then later:

> MR. DANFORD: So the employees have been forced to paid [sic] the employer's share of FICA. I mean, that's what Mr. Golden said the claim – the claim, as he knows it, not the other claims –
> THE COURT: That's not to say –
> MR. PETERSON: That's agreed. That's agreed. I mean, that's what the calculation comes to. That's what we're agreeing on.

[D.E. 1-7 at 6].

Plaintiffs attempt to skirt federal jurisdiction by asserting that Plaintiffs do not know why the money was withheld, and it could have been withheld for any reason.[2] *See*

---

[2] Plaintiffs also claim that Defendant has waived its right to removal. However, none of the case law cited by Plaintiffs actually found that a party had waived its right to removal and the case law does not support a finding that Defendant should be precluded from removing this matter to federal court. Wrapped

[D.E. 9 at 3]. The Court has no evidence with which to determine how Defendant spent the money, however, Plaintiffs own complaint belies the assertion that Plaintiffs do not know where the money went. The complaint clearly states that the purported class was "forced to pay the employer's share of payroll taxes and other taxes and withholdings." [D.E. 1-1 at 5]. Furthermore, § 7422 "means that if someone wrongfully collects money as a tax, then a suit to recover the sum constitutes a tax refund suit, even if the sum did not literally constitute an 'internal revenue tax.'" *Brennan v. Sw. Airlines Co.*, 134 F.3d 1405, 1410 (9th Cir. 1998), *amended by Brennan v. Sw. Airlines*, 140 F.3d 849 (9th Cir. 1998) (citing *Flora v. United States*, 362 U.S. 145, 149 (1960)). Therefore, if the monies wrongfully withheld from Plaintiffs' paychecks were not really a tax, but were collected as a tax, § 7422 makes this a tax refund suit. *See id.* ("Here, the airlines may not have collected an internal revenue tax, but they nevertheless collected a 'sum' as a tax.

---

up in Plaintiffs' argument is the assertion that Defendant's actions in this case should be considered "stonewalling" because they have not responded to written discovery requests filed in the Fayette Circuit Court. [D.E. 10 at 8]. The Court notes that Plaintiffs' counsel's response to an invitation to attend an informal settlement conference included the following transmission. "If you want to meet, withdraw the requests for admission. If that is a problem, then obviously you were not serious about the meeting and it would probably not be fruitful. If you will withdraw discovery, I am willing to meet Monday at 10:00 a.m. Otherwise, we can discuss settlement later as discovery proceeds if you decide to get serious about the case later." [D.E. 1-2 at 11].

8

Therefore, Plaintiffs have filed a tax refund suit within the meaning of the IRC."); *see also Kaucky v. Sw. Airlines Co.*, 109 F.3d 349, 351 (7th Cir. 1997) ("[Twenty-six] U.S.C. § 6401(c) . . . provides that an overpayment of tax does not lose its character as a tax for which the taxpayer is entitled to a credit or refund merely because he was not liable for any part of the tax that was assessed against him.").

Plaintiffs attempt to rely on *Mikulski v. Centerior Energy Corporation* to show that this is not a tax refund suit. In *Mikulski*, the defendant misinterpreted the internal revenue code in such a way that the corporation's tax liability was increased, which was then passed on to its shareholders. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 558 (6th Cir. 2007). The Sixth Circuit simply found that Congress did not intend the "tax refund procedure [of § 7422] to be a security holder's exclusive remedy for a company's misreporting of dividends." *Id.* at 564. This is wholly inapposite to the case at bar. In this case, Plaintiffs are employees who allege taxes were withheld from their paychecks by their employer. The factual allegations alleged are not at all analogous to a shareholder derivative suit based upon an alleged incorrect dividend distribution.

Plaintiffs also rely on a decision from our sister court in the District of Minnesota. *See In re Air Transp. Excise Tax*

*Litig.*, 37 F. Supp. 2d 1133 (D. Minn. 1999). The case was cited favorably by the Sixth Circuit, however, not for the proposition Plaintiffs would like the Court to rely upon. The Sixth Circuit, in *Mikulski*, only relied on *In re Air Transportation Excise Tax Litigation* for the proposition that § 7422 did not apply because the corporation was not acting as a collection agent. *See Mikulski*, 501 F.3d at 565. However, in this case, Defendant, in excessively withholding payroll taxes, was acting as a collection agent. *See* 26 U.S.C. § 3102 ("The tax imposed by section 3101 [FICA] shall be collected by the employer of the taxpayer, by deducting the amount of the tax from the wages as and when paid."); *Eastman Kodak Co. v. United States*, No. 517-71, 1975 WL 3591, at *6 (Ct. Cl. Trial Div. Apr. 1, 1975) ("[T]he employer functions only as a statutory collection agent for purpose of the employee portion of FICA, denominated an income tax imposed on the employee, whereas it is the taxpayer as to its matching portion of FICA.").

Furthermore, there are many more distinctions between the facts in the case before the District of Minnesota and the case at hand. The District of Minnesota did not find tax code preemption because the defendant had never paid any amounts to the IRS and that the amount of the refund was not readily ascertainable. *In re Air Transp. Excise Tax Litig.*, 37 F. Supp. 2d at 1136. The court went on to hold that § 7422 only applies

to taxes "actually 'assessed' or 'collected' on behalf of the government *and that was actually paid to the government.*" *Id.* at 1137 (emphasis in original).

Here the amount of the refund was readily ascertainable. Plaintiffs' counsel has already indicated that they agree with the exact amount of the withholding. *See* [D.E. 2-9 at 5-6]. While Plaintiffs repeatedly point out that they do not yet know where the money went or if it was actually paid to the IRS, this requirement imposed by the District of Minnesota, which is not binding on this Court, has been criticized. *See Buck v. Am. Airlines, Inc.*, 476 F.3d 29, 36 n.8 (1st Cir. 2007) (finding that *In re Air Transportation*, in holding that preemption did not apply, was "mistaken"); *Matthew v. RCN Corp.*, No. 12 Civ. 0185 (JMF), 2012 WL 5834917, at *6 (S.D.N.Y. Nov. 14, 2012) ("[T]he rationale and holding of *Air Transportation* are in conflict with the expansive language of Section 7422 and the great weight of authority construing the statute. . . . In particular, the *Air Transportation* Court relied on a narrow reading of the term 'any sum' in Section 7422 a reading that has been soundly rejected by other courts."); *Strategic Hous. Fin. Corp. v. United States*, 86 Fed. Cl. 518, 536 (Fed. Cl. 2009) (refusing to limit the reach of § 7422, based on *In re Air Transportation*, because of the Supreme Court's determination that the statute was expansive); *see also In re Motor Fuel*

11

*Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1238 (D. Kan. 2008) (limiting *In re Air Transportation* to its facts by finding that the defendant, unlike in *In re Air Transportation*, had specified the amount of the excise tax collected). The Court finds the reasoning of *Umland* to be more persuasive. Moreover, the Court believes the Sixth Circuit would agree with the *Umland* decision because in *Mikulski* the Sixth Circuit recognized that § 7422 has been broadened when defendants are acting as tax collectors. *Mikulski*, 501 F.3d at 564-65 (citations omitted) ("Although the federal courts have broadened § 7422 in the 'airline cases' and applied it to airlines that effectively act as agents for the IRS by collecting excise taxes from passengers, that expansive application does not extend to the present case because Centerior did not collect or withhold any taxes.").

Plaintiffs claim that the cause of action solely arises under Kentucky's wage and hour statute because that is what Plaintiffs rely on in stating the cause of action, and because Defendant paid "an amount less than the wages and overtime compensation to which the employees were entitled . . . ." [D.E. 1-1 at 6]. This argument ignores that the reason Plaintiffs were not paid the amount they were entitled, according to the allegations in Plaintiffs' complaint, is because Defendant was excessively withholding taxes. Plaintiffs

argue that the claims do "not turn on the reason Defendants' [sic] may have made deductions from pay, but turn on whether Plaintiffs' [sic] were entitled to receive the deducted pay." [D.E. 10 at 12]. This is simply incorrect. If Plaintiffs were not paid what they were entitled to receive because Defendant was wrongfully withholding taxes, Plaintiffs' claims, no matter which Kentucky statute Plaintiffs choose to rely on, assert a claim under federal law. *See Brennan*, 134 F.3d at 1409 ("It is well established that the IRC provides the exclusive remedy in tax refund suits and thus preempts state-law claims that seek tax refunds.").

Plaintiffs also argue that "it is clear § 7422 only pertains to suits against the United States." [D.E. 14 at 7]. For this proposition, Plaintiffs rely on subsection (f), which provides that "[a] suit or proceeding referred to in subsection (a) may be maintained only against the United States." 26 U.S.C. § 7422(f). Plaintiffs' reading of this subsection is flawed. This subsection simply means that in a tax refund suit, as contemplated by subsection (a), the party must sue the United States, not a private party or individual, such as Mesa Medical. As is discussed further below, this statute supports a finding that there is no private right of action for a tax refund suit, and that Plaintiffs' claims can only be pursued before the IRS and then the United States. *See United States v. Clintwood*

*Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008) ("[The tax refund] scheme provides that a claim for a refund must be filed with the Internal Revenue Service (IRS) before suit [in either the United States district court or in the United States Court of Federal Claims] can be brought."); *Umland*, 542 F.3d at 69 ("[Section 7422] required Umland to seek a refund from the IRS, which would in turn seek to collect the employer FICA tax due from PLANCO.").

The Court finds that Plaintiffs' claims are an attempt to recover wrongfully withheld taxes, making this a tax refund suit. Therefore, Plaintiffs' claims are preempted and this suit was properly removed[3] based on federal question jurisdiction.[4]

---

[3] Plaintiffs argue that Defendant's Notice of Removal was untimely filed because Defendant knew from the time of the filing of the initial complaint, June 25, 2013, that the claims arose under FICA. [D.E. 10 at 22]. On August 9, 2013, Hunter Hughes wrote a letter to Plaintiffs' counsel stating "Absent your advising me by August 13 both that we have not accurately identified the factual predicate for the complaint as now pled, and what in fact is your factual predicate if not FICA withholdings, then we will proceed on the basis that at least one of the matters alleged in your complaint . . . is that Mesa improperly caused its employees' wages to have deducted therefrom the employer's share of FICA." [D.E. 1-3 at 3]. Plaintiffs' response to this letter was "We disagree with your characterizations and assumptions contained within the letter." [D.E. 1-4 at 2]. The Court cannot find that Defendant had "solid and unambiguous information that the case was removable" at the time of the filing of the original complaint when Plaintiffs' counsel flatly denied that FICA taxes were involved. *Lindon v. Kakavand*, No. 5:13-cv-26-DCR, 2013 WL 5441981, at *3 (E.D. Ky. Sept. 27, 2013) (quoting *Walker v. Phillip Morris USA, Inc.*, 443 F. App'x 946, 950 (6th Cir. 2011)). Thus, the Notice of Removal was timely filed.

14

It is well settled that FICA does not create a private right of action. *Umland*, 542 F.3d at 67 ("FICA does not create a private right of action."); *McDonald v. S. Farm Bureau Life Ins. Co.*, 291 F.3d 718, 726 (11th Cir. 2002) ("[W]e hold that no private right of action may be implied under FICA."); *Salazar v. Brown*, 940 F. Supp. 160, 166 (W.D. Mich. 1996) ("I conclude that the Sixth Circuit would likewise refuse to imply a cause of action under FICA."). The Court has already found that this is a tax refund suit based upon an alleged overpayment of FICA taxes. Because FICA does not create a private right of action, this suit must be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff asserts three different claims, all of which are based upon the same conduct; namely, an alleged excessive withholding of FICA taxes. The first claim, a violation of KRS 337.385, is based upon an allegation that Defendant paid its employees "an amount less than the wages and overtime compensation to which the employees were entitled." [D.E. 2-3 at 4]. The negligence claim alleges that Defendant "negligently withheld wages from former and current employees and paid to them an amount less than the wages and overtime compensation to

---

[4] Based upon its finding that federal question jurisdiction exists, the Court will not address Defendant's argument that jurisdiction exists under the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d).

which the current and former employees were entitled." [D.E. 2-3 at 4]. Finally, the amended complaint sets forth a claim for conversion based upon Defendant "interfer[ing] with Plaintiff's lawful right to her [wages]." [D.E. 2-4 at 2]. All of the claims arise out of the same conduct which gives rise to the class allegations. Specifically, that the employees were "forced to pay the employer's share of payroll taxes and other taxes and withholdings." [D.E. 1-1 at 5]. Thus, all of the claims are subject to dismissal for failure to state a claim because they all allege that Defendant excessively withheld FICA taxes, which is an action that must be pursued in front of the IRS.

In accordance with Sixth Circuit precedent, Plaintiffs will be given twenty-one days to respond to the Court's finding that Plaintiffs' claims should be dismissed. *Morrison v. Tomano*, 755 F.2d 515, 517 (6th Cir. 1985) ("We therefore conclude that the district court should not have dismissed the case without affording plaintiffs some opportunity to address the perceived shortcomings in the complaint.").

**IV. Conclusion**

Accordingly, for the foregoing reasons, **IT IS ORDERED**:

(1) that Plaintiffs' Motion for Remand [D.E. 10] be, and the same hereby is, **DENIED**;

(2) that Plaintiffs shall have **twenty-one (21) days** from the date of entry of this Order to **SHOW CAUSE** why their complaint should not be dismissed for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

This the 6th day of December, 2013.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge