UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| TAMMY BERERA, individually and on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>MESA MEDICAL GROUP, PLLC, )<br><br>Defendant. ) | Civil Case No.<br>5:13-cv-294-JMH<br><br>**MEMORANDUM OPINION**<br>**AND ORDER** |

\*\*\*

This matter is before the Court upon Plaintiff's Response [D.E. 19] to the Court's Order to Show Cause why the Complaint should not be dismissed for failure to state a claim upon which relief can be granted. [D.E. 18]. The Court having reviewed the Response, and being otherwise sufficiently advised, this matter is now ripe for the Court's review.

**I. Procedural Background**

Plaintiff Tammy Berera filed this suit in Fayette Circuit Court on June 25, 2013, asserting her claims "on behalf of all current and former employees of MESA and any predecessor company of MESA." [D.E. 1-1 at 5]. Berera asserted a violation of KRS 337.385, claiming Defendant did not pay the full amount of wages and overtime compensation earned, and a claim of negligence. [D.E. 1-1 at 6-7]. Berera then filed an amended complaint, incorporating the original complaint in full, and adding claims

for conversion and punitive damages. [D.E. 1-1 at 35-36]. Berera filed a second amended complaint to add Katisha Kabalen as a member of the class. [D.E. 1-2 at 67]. Defendant filed a Notice of Removal [D.E. 1], and Plaintiffs filed a Motion to Remand [D.E. 10], which this Court denied. [D.E. 18].

In ruling on Plaintiffs' Motion to Remand, the Court found that Plaintiffs' claims were based upon an alleged excessive withholding of Federal Insurance Contributions Act (FICA) taxes. [D.E. 18 at 14]. The Court further found that FICA did not create a private cause of action and that Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted [D.E. 18 at 16]. Thus, the Court ordered Plaintiffs to show cause why the complaint should not be dismissed. Plaintiffs have not presented the Court with any arguments sufficient to rebut the Court's earlier reasoning. Accordingly, this matter will be dismissed upon the Court's own motion.

## II. Standard of Review

When reviewing a complaint the Court must accept as true all well-pleaded factual allegations contained within it. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether the complaint should be dismissed for failure to state a claim upon which relief can be granted, the

Court "must construe the complaint in the light most favorable to the plaintiff . . . and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 570).

**III. Analysis**

Plaintiffs first contend that the Complaint should not be dismissed because the Complaint does not assert that this is a tax refund suit and all causes of action are founded upon state law. However, the artful pleading doctrine will not allow Plaintiffs to "avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (*quoting Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981)). Thus, the Court has taken jurisdiction over the claims only upon a finding that the Complaint asserts federal law claims, despite the fact that Plaintiffs have artfully tried to plead their way around federal jurisdiction. Plaintiffs' desire for the claims to be based on state law has no bearing on the Court's analysis. *See Brennan v. Sw. Airlines*

3

*Co.*, 134 F.3d 1405, 1409 (9th Cir. 1998), *amended by Brennan v. Sw. Airlines*, 140 F.3d 849 (9th Cir. 1998) ("It is well established that the IRC provides the exclusive remedy in tax refund suits and thus preempts state-law claims that seek tax refunds."); *Crouch v. Guardian Angel Nursing, Inc.*, No. 3:07-cv-541, 2009 WL 3738095, at *5 (M.D. Tenn. Nov. 4, 2009) ("Those few courts that have done so with any degree of depth have overwhelmingly come down on the side of preemption, regardless of whether the claims at issue are asserted directly under FICA or are framed as state-law claims to recover moneys owed directly to the plaintiffs by the defendant-employers as a result of their failure to pay their share of FICA taxes.")

Plaintiffs argue that the Court erred in finding the case involved federal law because the Court relied only a portion of the Complaint, rather than reading it as a whole. Specifically, Plaintiffs assert that "[t]he Court simply cannot pull one factual assertion . . . out of the Complaint and conclude that it alone merits dismissal of all claims." [D.E. 19 at 4]. However, the one factual assertion Plaintiffs reference, that the class consists of "employees who have been forced to pay the employer's share of payroll taxes and other taxes and withholdings," [D.E. 1-1 at 5], which the Court must take as true, establishes that Plaintiffs' claims amount to a tax refund suit.

In their Complaint, and through arguments filed with the Court, Plaintiffs attempt to gain class certification by stating that all of the class members had payroll taxes excessively withheld. Then, when asserting their claims, Plaintiffs attempt to claim they do not know where the money went or how it was used, simply that the employees were not paid what they were owed, and thus, this case does not concern taxes. The Court cannot find that this case does not concern taxes by ignoring Plaintiffs' statement that the suit arises because payroll taxes were excessively withheld. Therefore, Plaintiffs' argument that the Complaint should be read as a whole is not persuasive.

Plaintiffs next take issue with the Court relying on the transcript of the hearing that took place in Fayette Circuit Court because it is outside of the pleadings. However, the Court does not need to rely on the hearing transcript to determine this is a tax refund suit for purposes of a Rule 12(b)(6) dismissal, as the four corners of Plaintiffs' Complaint clearly establishes that Plaintiffs wish to recover excessively withheld payroll taxes. *See* [D.E. 1-1 at 5] ("[T]he employees have been forced to pay the employer's share of payroll taxes and other taxes and withholdings.").

Furthermore, the Court may consider the hearing transcript because it is a public record that is capable of judicial notice. "In deciding a motion to dismiss, the Court may consider

5

all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken." *Koli v. Gonzales*, No. 4:06-cv-54-M, 2007 WL 710130, at *1 (W.D. Ky. March 2, 2007) (citing *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)); *see also Eubank v. Wesseler*, No. 10-cv-210-DLB-JGW, 2011 WL 3652558, at *4 (E.D. Ky. Aug. 19, 2011) (citations omitted) ("The Court may . . . take judicial notice of 'matters of public record' without converting a 12(b)(6) motion into one for summary judgment."). "The court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "In the context of defendants' motion to dismiss under Rule 12(b)(6), the Court may judicially notice the transcript of the hearing . . . , not for the truth of any matters asserted therein, but rather for the fact that certain things were said, argued, and decided in that court. *Can v. Goodrich Pump & Engine Control Sys., Inc.*, 711 F. Supp. 2d 241, 250 n.12 (D. Conn. 2010) (citations omitted); *see also Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005) (finding that courts may take judicial notice of some documents of public record, but "not for the truth of the matters asserted therein"). Thus, the Court may consider the hearing transcript because it is subject to judicial notice.

The Court does not rely on the transcript for the purposes of the truth of the matter asserted by the transcript, that the calculation is equal to the FICA tax, but merely that Plaintiffs' counsel agrees the calculation is equal to Defendant's portion of the FICA tax. Plaintiffs have asserted in their Complaint that Defendant excessively withheld payroll taxes and agreed in a hearing that the amount withheld is equal to Defendant's obligations under FICA. Based on these facts, the Court finds that this is a tax refund suit for which there is no private right of action. Therefore, Plaintiffs' claims must be dismissed for failure to state a claim upon which relief can be granted.

Finally, Plaintiffs argue, in the event the Court finds dismissal is appropriate, that the pendent state law claims for violations of KRS 337.385, negligence, and conversion should not be dismissed, but remanded, or in the alternative, held in abeyance. Plaintiffs' argument is flawed in that all of the state law claims attempt to recover for the same conduct, namely that Defendant excessively withheld payroll taxes. *See* [D.E. 18 at 15-16] (discussing each claim individually and finding that each attempted to recover excessively withheld payroll taxes). Thus, all of the claims invoke a tax refund suit for which there is no private right of action. *See, e.g.*, *McDonald v. S. Farm Bureau Life Ins. Co.*, 291 F.3d 718, 726 (11th Cir. 2002) ("[W]e

7

hold that no private right of action may be implied under FICA."). There are no pendent claims to remand or hold in abeyance because each claim arises under federal law and is preempted by 26 U.S.C. § 7422. Therefore, all of Plaintiffs' claims are subject to dismissal.

**IV. Conclusion**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Plaintiffs' claims are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

This the 3rd day of January, 2014.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge